**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUCAS BUDIONO, a.k.a. Lu Han Hong, a.k.a. Budiono Lucas,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72223<br><br>Agency No. A075-660-448<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Lucas Budiono, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Budiono failed to establish it is more likely than not that he will be tortured in Indonesia by or with the acquiescence of a public official or other individual acting in an official capacity. *See Wakkary*, 558 F.3d at 1068.

Further, the record does not compel the conclusion that Budiono experienced harms in Indonesia that rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003); *Wakkary*, 558 F.3d at 1059-60. However, in analyzing Budiono's fear of future persecution, the agency did not apply the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). In light of this and our intervening decisions in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010), and *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), we remand for the agency to assess Budiono's asylum and withholding of removal claims under the disfavored group analysis in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**